UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | | |
|---|---|---|
| In re:<br>    David Zackowski,<br>            *Debtor* | : <br> : <br> : <br> : | Case No.: 22-30019 (AMN)<br>Chapter 7 |
| VRM(Vendor Resource Management),<br>Duly Authorized Agent for<br>The Secretary of Veterans Affairs,<br>an Officer of the United States<br>of America,<br>            *Movant*<br>v.<br>David Zackowski,<br>            *Respondent* | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | <br><br><br><br><br><br><br><br><br>Re: ECF Nos. 20, 25, 27, 64, 67,<br>73, 74, 77 |

## MEMORANDUM OF DECISION AND ORDER
## GRANTING MOTION FOR RELIEF FROM STAY

*APPEARANCES*

*For the Movant:*
Jennifer L. Joubert, Esq.
Marinosci Law Group, P.C.
275 West Natick Rd, # 500
Warwick, RI 02886

*For the Respondent:*
David Zackowski, *Pro Se* Litigant
515 Hunting Hill Road
Middletown, CT 06457

      Before the court is a motion filed by VRM(Vendor Resource Management), Duly

Authorized Agent for The Secretary of Veterans Affairs, an Officer of the United States of

America ("VRM" or "Movant") seeking relief from the automatic stay provided in 11 U.S.C.

§ 362(a) to permit the Movant to pursue its remedies, if any, under non-bankruptcy law against the debtor here, David Zackowski ("Debtor") relating to real property known as 515 Hunting Hill Avenue Middletown, Connecticut (the "Property").  ECF No. 20 (the "Motion").  The Debtor or his business occupies the Property.

The Debtor opposes the Motion, arguing VRM is a non-existent entity and lacks standing.  Both the Movant and the Debtor filed supplemental information including certified copies of information from the Middletown Land Records.  *See,* ECF Nos. 20, 25, 27, 64, 67, 73, 74, 77.  For reasons set forth below, I conclude the Movant has established all the requisites for relief from the automatic stay and that the debtor's objections are without merit.

## Superior Court Litigation

Pursuant to Federal Rule of Evidence 201, the court takes judicial notice of litigation pending in the Connecticut Superior Court in which the Debtor here – David Zackowski – is a party.  According to the Connecticut Superior Court records available to the public online, a summary process action commenced against the Debtor and others in late 2016.  *VRM v. David A. Zackowski, et al.*, Connecticut Superior Court case number MMX-CV17-6016941-S.[1]  A Judgment of Possession issued on December 2, 2019.  *Id.*  The court takes judicial notice of the following facts:

1) the plaintiff in the summary process action is the same as the Movant here (See, Doc. Nos. 100.31, 100.32, 163.10);

2) David Zackowski raised challenges to the legal existence of the summary process plaintiff and its authority to obtain an eviction judgment and execution (See, Doc. Nos. 168.00, 179.00; 180.00);

---

[1]    The docket of the eviction case is publicly available, free of charge, at https://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=MMXCV176016941S    (last checked June 6, 2022).

3) The Connecticut Superior Court denied David Zackowski's challenges to the standing and authority of the summary process plaintiff (See, Doc. Nos. 168.10, 179.20; 180.10).

The COVID-19 pandemic commenced in the first quarter of 2020. On November 29, 2021, a clerk for the Connecticut Superior Court issued an execution for possession. *Id.* On January 18, 2022, the Debtor filed this Chapter 7 bankruptcy case.

### Standing Premised on the Land Records

The Movant asserts it is the owner of the Property, and in support of this claim of ownership filed the following documents:

1. A certified copy of a Certificate of Foreclosure for the Property bearing the caption and case number of a Connecticut Superior Court foreclosure action titled *Wells Fargo Bank, N.A. v. Jovana D. Zackowski*, *et al.,* bearing case number MMX-CV12-6007087-S[2], recorded in the Middletown, Connecticut Land Records at volume 1858, page 693, on January 14, 2016. ECF No. 73, pp. 6-7.

2. A certified copy of a Statutory Form Warranty Deed describing the Property and transferring title from Wells Fargo Bank, N.A. to "Secretary Of Veterans Affairs, an Officer of the United States of America, and its successors and assigns," recorded in the Middletown, Connecticut Land Records at volume 1858, page 928, on January 19, 2016. ECF No. 73, pp. 8-9.

3. An Affidavit of Joe Morrow, Senior Vice President of VRM, stating under oath that VRM is an authorized agent for the Secretary of Veterans Affairs regarding the Property. ECF No. 64, pp. 6-8, ECF No. 64-1.

### 11 U.S.C. § 362(d)(1) Relief

The Movant seeks relief from stay to permit it to pursue its non-bankruptcy rights and remedies as the owner of the Property, asserting entitlement to such relief under 11 U.S.C. § 362(d) and § 362(b)(22). Section 362(d) has several subparts. Turning first to § 362(d)(1), a movant may be entitled to relief from stay if it shows "cause" for such relief,

---

[2] The docket of the foreclosure case is publicly available, free of charge, at https://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=MMXCV126007087S (last checked June 6, 2022).

3

which is not defined by the Bankruptcy Code. Here, the record reflects the title to the Property was transferred to the Secretary of Veterans Affairs and its successors and assigns through a foreclosure judgment, a foreclosure deed, and a subsequent warranty deed. VRM, as an agent of the owner of the Property, seeks relief from stay to be able to complete the pre-bankruptcy eviction action. Pre-petition, VRM obtained a judgment of possession, terminating the Debtor's right to possession. Based on this record, I conclude cause exists to grant relief from stay to VRM.

## 11 U.S.C. § 362(d)(2) Relief

An analysis under § 362(d)(2) yields the same result. Because VRM owns the Property, the Debtor has no equity. Because this case is one under Chapter 7, there is no reorganization proposed. Under § 362(d)(2), a party may be entitled to relief from stay if, as here, the Debtor has no equity and the Property is not necessary for a reorganization. As both conditions of subsection 362(d)(2) are met here, I conclude the Movant is entitled to relief from stay under that provision.

## 11 U.S.C. § 362(b)(22) Relief

Because I conclude application of either subsection 362(d)(1) or 362(d)(2) would result in relief for the Movant, I need not address whether the Movant is entitled to relief under § 362(b)(22). If I needed to reach § 362(b)(22), I would conclude the Movant is not entitled to relief pursuant to § 362(b)(22). Bankruptcy Code § 362(b)(22) provides the automatic stay of § 362(a) does not apply to the continuation of an eviction, unlawful detainer action, or similar proceeding involving residential property in which the debtor resides as a tenant under a lease or rental agreement if the lessor has obtained a judgment for possession of such property against the debtor before the commencement

of the bankruptcy case. 11 U.S.C. § 362(b)(22). The eviction in this case was a by-product of a foreclosure process. But the stay exception under Bankruptcy Code § 362(b)(22) does not apply to an eviction judgment obtained by a purchaser of property after foreclosure who does not have a lease or rental agreement with a debtor occupying the property. 3 *Collier on Bankruptcy* ¶ 362.05 (16th). Thus, the Movant here is not entitled to relief based upon § 362(b)(22). This conclusion however does not affect the Movant's entitlement to relief pursuant to §§ 362(d)(1) and (d)(2).

### **The Debtor's Objection**

Because the Debtor is a *pro se* litigant, his pleadings are — "liberally construed" and — held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). However, even with application of these liberal standards, the Debtor's arguments cannot overcome the Movant's entitlement to relief. In particular, the *Rooker-Feldman* doctrine and the doctrine of *res judicata* bar consideration of the Debtor's objections.

Fundamentally, the *Rooker-Feldman* doctrine – a doctrine established by a pair of United States Supreme Court cases – provides that a federal court lacks subject-matter jurisdiction to review the merits of final state court judgments. *See, Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 482-87 (1983); *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 415-16 (1923); *see also, Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 283–84 (2005). Four requirements must be met before a court bars a party relief under the *Rooker-Feldman* doctrine, including:

1. A party lost in state court;
2. The party complains of injuries caused by the state court judgment;
3. The party invites federal court review of that judgment; and

    4.    The state court judgment was entered before the party's federal suit commenced.

*McKithen v. Brown*, 626 F.3d 143, 154 (2d Cir. 2010).

"Following final judgment on the merits in an action, *res judicata* precludes [a] part[y] ... from relitigating issues that were or could have been raised in that action." *In re Brown*, 1:20-CV-03943 (MKV), 2021 WL 510157, at *5 (S.D.N.Y. Feb. 11, 2021). In essence, the doctrine of *res judicata*, "holds that 'a final judgment on the merits of an action precludes the parties . . . from relitigating issues that were or could have been raised in that action,'" and prevents a party from re-litigating a cause of action that has already been decided by a court of competent jurisdiction. *In re Motors Liquidation Co.*, 943 F.3d 125, 130 (2d Cir. 2019); *see, Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017).

Applying the four-part test to determine if the *Rooker-Feldman* doctrine prevents this court's review of the judgment of possession, it appears all four requirements are met. First, the state court summary process action docket reflects a judgment of possession entered on December 2, 2019, which established the Movant's entitlement to possession of the Property and authority to seek relief from the automatic stay. All appeals from the judgment of possession were dismissed rendering the judgment final. Second, the Debtor claims to be injured by the purportedly wrongful judgment of possession. Third, the Debtor asks the bankruptcy court to now review the judgment of possession and reassess VRM's authority to obtain a judgment of possession, seek relief from stay, or act on behalf of the owner of the Property. Fourth, the date of the state court's judgment of possession, December 2, 2019, precedes the Petition Date of January 18, 2022.

Even if the *Rooker-Feldman* doctrine did not bar review of the Debtor's claims, the doctrine of *res judicata* compels the same result. The Debtor raised arguments that were raised or could have been raised before the state court in the summary process action. See, Doc. Nos. 168.00, 179.00; 180.00. After considering the Debtor's challenges to VRM, the state court denied the Debtor's motions to open the judgment and for reconsideration. See, Doc. Nos. 168.10, 179.20; 180.10. This court is therefore precluded from reviewing or considering the same claims by the Debtor under the doctrine of *res judicata*.

To the extent *Rooker-Feldman* or *res judicata* do not bar the Debtor's claims, this court's review of the record and evidence submitted by the Movant, including certified copies of the land records and affidavit of Joe Morrow, is sufficient evidence to prove it is entitled to seek relief from the automatic stay, and no persuasive evidence or viable legal argument has been offered sufficient to rebut it.

On the basis of the record, I find in the Movant's favor, and relief from stay shall enter. I have considered all other arguments raised by the Debtor and find them to be unpersuasive and unsupported by the record.

This is a final order subject to rights of appeal. The time within which a party may file an appeal of a final order of the bankruptcy court is fourteen (14) days after it is entered on the docket. *See*, Fed.R.Bankr.P. 8002(a)(1).

**NOW THEREFORE**, it is hereby

**ORDERED:** the motion for relief from stay filed by the VRM(Vendor Resource Management), Duly Authorized Agent for The Secretary of Veterans Affairs, an Officer of

the United States of America ("VRM" or "Movant")), ECF No. 20, is GRANTED; and it is further

**ORDERED**: the automatic stay provided in 11 U.S.C. § 362(a) is modified pursuant to 11 U.S.C. §§ 362(d)(1) and 362(d)(2) to permit the Movant and/or their successors and assignees, to exercise their rights, if any, with respect to real property commonly known as 515 Hunting Hill Avenue Middletown, Connecticut, in accordance with applicable non-bankruptcy law;

**ORDERED**: The fourteen (14) day stay provided in Fed.R.Bankr.P. 4001(a)(3) is not waived.

Dated this 10th day of June, 2022, at New Haven, Connecticut.

*Ann M. Nevins*
Chief United States Bankruptcy Judge
District of Connecticut